ROBERT J. CLOW v. E. H. WINFIELD.

Where the note sued on fell due, May 1st, 1841, and the petition was indorsed filed May 8th, 1845, and, without anything appearing to take the case out of the state of limitations, judgment went for the plaintiff, it was held that before the Act of 1846, (Hart. Dig. Art. 694,) there was no law which required the papers in a cause to be indorsed filed; that the indorsement (which was not signed by the Clerk) could not be regarded as part of the record, or evidence of the date of the filing of the petition; and that, such being the case, the presumption in favor of the correctness of the judgment of the Court below required its affirmance.

Error from Washington.

Special Court, composed of Wheeler, J., and George F. Moore and Williamson S. Oldham, Special Judges.

*J. Sayles*, for plaintiff in error.

*J. & A. H. Willie*, for defendant in error.
Vol. XV. 29

OLDHAM, S. J.    This suit was brought in the District Court of Washington county, by Winfield against Clow, as surviving partner of the universal partnership constituted by Moses T. Martin, deceased, and said Clow, for the recovery of the amount of a promissory note dated on the 9th day of April, 1840, and due the 1st day of May, 1841.    The petition alleges that the note was executed by said Martin and Clow in the course of the business, and was signed by the said Moses T. Martin and Peter M. Mercer.    The note was made payable to the plaintiff below.

Upon the petition there is the following indorsement:

"In this case, I consent to waive the issuing of a writ and "service of a copy of the same and of the petition, and consent "that the case be docketed at the next Term of the District "Court of Washington county.    April 26th, 1845.

"R. J. CLOW."

The petition is marked filed May 8th, 1845.

On the 18th November, 1845, the defendant appeared by attorney, and craved oyer of the writing upon which suit was brought; and on the 20th the cause was continued by consent, which was the first order made by the Court therein.    Subsequently, at the May Term, 1849, the plaintiff amended his petition by averring the loss of the instrument sued on; at the same time he filed the affidavit of James R. Jenkins as to the loss of the note.    At the November Term, 1850, the defendant filed his answer to the petition.    The answer contained, 1st. An exception to the petition, alleging that the note sued on was not sufficiently described; but which does not appear to have been passed on by the Court.    2nd.  A general denial of the allegations of the petition; and 3rd. That the suit was barred by the four years Statute of Limitations.

At the Spring Term, 1853, the cause was tried, when the jury returned a verdict for the plaintiff, and a decree was rendered thereon in his favor for the amount of the note and interest; and from that judgment the cause has been brought to this Court by writ of error.

Clow v. Winfield.

It is insisted as the main ground for the reversal of the judgment of the District Court, that the cause of action was barred by the Statute of Limitations at the time the suit was brought, and in support of this position it is argued that the filing of the petition is the commencement of the suit ; that the indorsement upon the back of the petition waived the issuance of the writ and the service of copies of the writ and petition, but did not waive the filing of the petition ; that four years from the maturity of the note, expired on the 1st day of May, and the petition was not filed until the 8th of that month, as evidenced by the indorsement upon it.

Did the facts of the case clearly exist, as supposed by the argument, the question might present some difficulty. At the time this suit was brought, there was no law which required the papers in a cause to be indorsed filed. The District Court Act of May 13th, 1846, (Hart. Dig. Art. 694,) provides " that " no paper shall be considered as filed in the proceedings of " any cause, unless the Clerk shall have indorsed thereon the " day on which it was filed and sign his name thereto."

The indorsement made upon the back of the petition, showing the date of its filing, was not made under the direction of authority of any law in force at the time ; was not signed by the Clerk, and cannot therefore be regarded as a part of the record, or evidence of the date of the filing of the petition. In the absence of proof to the contrary, we must presume in favor of the judgment of the Court below, that the petition was filed before the cause of action became barred.

In connection with this question, it was argued at the bar, that the indorsement agreed that the cause might be docketed, at the next ensuing Term, but not after, and that it was not docketed until the November Term.

Whether the cause was first docketed at the May or November Term, cannot be determined from the record, for there is no evidence as to the time when it was first placed upon the docket. Because the first order was made at the November

Term, it does not follow that it was then docketed for the first time. In the absence of proof to the contrary, we are left to presume that it was docketed at the May Term and continued by operation of law.

Upon the trial, the plaintiff read in evidence the affidavit of James R. Jenkins, "which was by consent read as the evidence of said Jenkins," and after it and the deposition of Buffington were read, the defendant moved to exclude the testimony of Jenkins from the jury, on the ground of variance between the note sued on and that described in the evidence; the motion being overruled, the defendant excepted.

The affidavit of Jenkins states "that the written obligation "set forth and described in the original petition filed in this "cause, was in the possession of affiant, and that the same had "been lost," &c. Jenkins refers to the petition itself for a description of the note, and the testimony of Buffington strictly accords with the description contained in the petition. He proves that the note was given for the amount, signed by the parties and made payable as specified in the petition. There is nothing in his testimony, which in the least shows a variance between the note as described in the petition and that proven by the evidence. It appears that Martin and Clow were universal partners, and that the note in controversy was executed, in consideration of Buffington's interest in a tract of land and mill, which he sold to Martin, Mercer and Clow; to the extent of the interest purchased by Martin and Clow, it was a partnership interest, for which their note was executed jointly with their co-purchaser and co-tenant Mercer, and they became bound for the payment of the entire purchase money. As between Martin and Clow, it was not a special transaction independent of their universal partnership, but appropriately constituted a part of their general partnership affairs.

There are some other minor matters assigned for error, but inasmuch as they have not been insisted upon in argument, and upon looking into them, deeming them not well founded, we

will not consider them. Upon the whole, being of opinion that there is no error in the judgment, the same must be affirmed.

Judgment affirmed.